**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| J&B REALTY ASSOCIATES, LLC, | : | CIVIL ACTION NO. 11-2885 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : |  |
| HH&P MANUFACTURING, LLC, | : |  |
| Defendant. | : |  |

**THIS IS AN ACTION** to recover damages for breach of a lease ("Lease"). (Dkt. entry no. 7, Am. Compl.) The defendant — which is named by the plaintiff as HH&P Manufacturing, LLC, trading as HH&P Mfg, LLC, also known as Triad — is a limited liability company. (Id.)

**THE COURT** has been advised that two entities known as Triad Group, Inc. ("TGI") and H&P Industries, Inc. ("HPI") have petitioned for relief ("Bankruptcy Cases") in the United States Bankruptcy Court for the Eastern District of Wisconsin ("Wisconsin Bankruptcy Court"). (Dkt. entry no. 17, Suggestion Of Bankr.) See Petition, In re Triad Group, Inc., No. 12-31923 (Bankr. E.D. Wisc. Aug. 9, 2012), ECF No. 1; Petition, In re H&P Industries, Inc., No. 12-31924 (Bankr. E.D. Wisc. Aug. 9, 2012), ECF No. 1. HPI is TGI's affiliate, and TGI is the ultimate owner of the defendant. See Statement Regarding Schedules & Statement Of Financial Affairs & Reservation Of Rights, In re Triad Group,

Inc., No. 12-31923 (Bankr. E.D. Wisc. Aug. 23, 2012), ECF No. 7-1; Statement Regarding Schedules & Statement Of Financial Affairs & Reservation Of Rights, In re H&P Industries, Inc., No. 12-31924 (Bankr. E.D. Wisc. Aug. 23, 2012), ECF No. 6-1.  The individuals controlling TGI, HPI, and the defendant appear to be the same: David Haertle, Eric Haertle, and Donna Petroff.  (See Am. Compl. at 2.)  See, e.g., List Of Equity Security Holders, In re Triad Group, Inc., No. 12-31923 (Bankr. E.D. Wisc. Aug. 23, 2012), ECF No. 7.  The plaintiff is listed as a creditor in the Bankruptcy Cases.  See, e.g., List Of Creditors Holding 20 Largest Unsecured Claims, In re Triad Group, Inc., No. 12-31923 (Bankr. E.D. Wisc. Aug. 9, 2012), ECF No. 1.

**AN ACTION** is "related to" bankruptcy if the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.  Nuveen Mun. Trust v. Withumsmith Brown, P.C., 692 F.3d 283, 293-94 (3d Cir. 2012); see In re Combustion Eng'g, 391 F.3d 190, 226 (3d Cir. 2004).  Furthermore, an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action — either positively or negatively — and in any way impacts the estate's handling and administration; the entire action need not be against the debtor or the debtor's property only.  See In re Resorts Int'l, 372 F.3d 154, 164 (3d Cir. 2004).

**PURSUANT TO** 28 U.S.C. § ("Section") 1412, a district court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties". 28 U.S.C. § 1412; see 28 U.S.C. § 1409(a) (stating "proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending"); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1212 (3d Cir. 1991) (instructing that proper method for transferring related action to bankruptcy court already hearing bankruptcy case is to change venue from non-bankruptcy forum to bankruptcy forum under Section 1412, and then refer related action to bankruptcy court); Abrams v. Gen. Nutrition Cos., No. 06-1820, 2006 WL 2739642, at *8 (D.N.J. Sept. 25, 2006) (finding Section 1412 applies to transfer of action related to bankruptcy case). In general, the forum where the bankruptcy case is pending is the proper venue for all actions related to that bankruptcy case. Abrams, 2006 WL 2739642, at *9; see Hohl v. Bastian, 279 B.R. 165, 177 (W.D. Pa. 2002); Krystal Cadillac-Oldsmobile-GMC Truck, v. Gen. Motors Corp., 232 B.R. 622, 627 (E.D. Pa. 1999).

**THIS ACTION** is related to the Bankruptcy Cases because the business activities of TGI, HPI, and the defendant are intertwined, and thus an outcome here will affect the estates

being administered.  Also, a review of the Bankruptcy Cases reveals that they are being actively litigated.  Thus, the interests of justice and the convenience of the parties favor a transfer of venue, as the Wisconsin Bankruptcy Court is in a better position to determine how and to what extent the plaintiff's claims will affect (1) the bankruptcy estates at issue, (2) the efficient administration of those estates, and (3) asset distribution.  See 28 U.S.C. § 1412; Abrams, 2006 WL 2739642, at *9; Hohl, 279 B.R. at 178.

**WHETHER** the Lease contains a clause stating that any action concerning the Lease may be litigated in New Jersey ("Forum Clause") is of no moment.  The parties may be precluded from considering a transfer of venue due to the Forum Clause, but the Court is not.  See Creekridge Capital v. La. Hosp. Ctr., 410 B.R. 623, 630-31 (D. Minn. 2009) (transferring action to Louisiana where bankruptcy case was pending, even though guaranty agreement set proper venue in Minnesota); Indep. Stationers v. Vaughn, No. 99-127, 2000 WL 1449854, at *7-8 (S.D. Ind. Jan. 3, 2000) (transferring action to Oklahoma, even though agreement set proper venue in Indiana).

**THE COURT** intends to transfer this action to the Eastern District of Wisconsin immediately, as time is of the essence in

view of the active Bankruptcy Cases.  For good cause appearing, the Court will issue an appropriate order.[1]

                                                s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:   December 7, 2012

---

[1] The transferee district court should refer this action to the Wisconsin Bankruptcy Court.  See 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district"); Maritime Elec. Co., 959 F.2d at 1212.  The extent of the Wisconsin Bankruptcy Court's authority over this action depends on whether it is (1) a "core proceeding" or (2) a "non-core proceeding" otherwise related to a case under title 11.  28 U.S.C. § 157(b)(1)-(4); see 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter order or judgment in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court submits proposed findings of fact and conclusions of law to district court in non-core proceedings, and final order will be entered by district court after considering same); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220-21 (3d Cir. 2008) (discussing bankruptcy court's authority).  The Wisconsin Bankruptcy Court will determine whether this action is a core proceeding or related-to proceeding.  See 28 U.S.C. § 157(b)(3); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3-4 (D.N.J. Apr. 23, 2007) (same).